

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0413-07

**SAFETY NATIONAL CASUALTY CORP., AGENT MANUEL LEYVA
D/B/A ROCKY BAIL BONDS, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE EIGHTH COURT OF APPEALS
## EL PASO COUNTY

COCHRAN, J., filed a concurring opinion.

O P I N I O N

The State discusses several valid reasons why Article 22.13, dealing with the exoneration of a bail bond, may be a counterproductive statute that ties the hands of judges and thwarts the purpose of having a surety in the first place. Nonetheless, I agree with the majority that these deficits do not rise to the level of an unconstitutional violation of the separation-of-powers doctrine. These are matters that are best left to the Legislature and to

local governments that may increase their reliance upon non-profit Pretrial Services programs. The majority aptly notes, "Bail bonding is a business[.]"[1] Indeed it is. To the extent that the interests of the bail bond business and the needs of the criminal justice system are not on the same track, local and state governments are free to make appropriate adjustments. Courts do not decide the wisdom of such laws, they decide only their constitutionality.

I therefore join the majority opinion.


Filed: May 14, 2008

Publish

---

[1] Majority Op. at 13.